UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| APRIL THOMPSON, | ) | CASE NO. 4:16CV2745 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| NATIONWIDE DEBT MANAGEMENT | ) | MEMORANDUM OPINION |
| SOLUTIONS, LLC, et al., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on a motion for summary judgment filed by Plaintiff April Thompson ("Plaintiff") on June 19, 2017, and a motion for summary judgment filed by Defendant Nationwide Debt Management Solutions, LLC ("Defendant"), on June 26, 2017. ECF Dkt. #19; ECF Dkt. #20. Defendant filed a response to Plaintiff's motion for summary judgment on July 19, 2017. ECF Dkt. #23. Plaintiff filed a reply in support of her motion for summary judgment on July 26, 2017. ECF Dkt. #25. Additionally, Plaintiff filed a response to Defendant's motion for summary judgment on July 5, 2017. ECF Dkt. #22. Defendant filed a reply in support of its motion for summary judgment on July 19, 2017. ECF Dkt. #24.

For the following reasons, Plaintiff's motion for summary judgment (ECF Dkt. #19) is DENIED, Defendant's motion for summary judgment (ECF Dkt. #20) is GRANTED, and the instant case is dismissed in its entirety with prejudice.

## I. STATEMENT OF THE FACTS

Defendant purchased a loan owed by Plaintiff. ECF Dkt. #20-1 at 18-19, 61. On June 20, 2016, a representative for Defendant placed a call to Plaintiff's place of employment, St. Elizabeth Boardman Hospital (the "Hospital"), which "was no help" in locating Plaintiff.[1] ECF Dkt. #19-3 at

---

[1] There is no transcript of this call in the Stipulated Transcript of Audio Recordings. *See* ECF Dkt.

51-52. Defendant's representative then called Plaintiff's personal phone and left a message requesting that she return the call. ECF Dkt. #19-1 at 3. It appears from the transcript of the call that Defendant's representative was confused as to who she was calling, as the representative referred to several different people on the call and requested assistance in contacting Plaintiff. *Id.* Defendant's representative then called Plaintiff's ex-husband, indicated that there was time-sensitive information that needed to be conveyed to Plaintiff, and asked whether Defendant's contact information could be conveyed to Plaintiff. *Id.* at 3-4. Plaintiff's ex-husband stated that he could not write down Defendant's contact information since he was driving, but assented to Defendant's representative immediately calling him back and leaving a voicemail with the contact information. *Id.* at 4. Defendant's representative then called Plaintiff's ex-husband a second time and left a voicemail containing Defendant's contact information and a file number. *Id.* at 5.

Next, Defendant's representative called the Hospital a second time. ECF Dkt. #19-1 at 5. Defendant's representative asked to speak with Plaintiff and was then transferred to the Hospital's human resources department. *Id.* at 5-6. It appears from the transcript of the call that the Hospital's human resources phone line plays an automated message. *Id.* at 6. Defendant's representative did not leave a voicemail. *Id.* After hanging up the call that was transferred to the Hospital's human resources department, Defendant's representative again called the Hospital. *Id.* Defendant's representative indicated that she was trying to contact Plaintiff, but did not want to be transferred to the human resources department. *Id.* Continuing, Defendant's representative asked to be transferred to "any nurse's station." *Id.* at 7. Subsequently, Defendant's representative spoke with individuals at five different nurse's stations. *Id.* at 7-11. Each time Defendant's representative was transferred, she asked to speak with Plaintiff, and indicated that she might be going by her maiden name when speaking to four of the five individuals manning the various stations. *Id.*

Later that same day, Plaintiff called Defendant and spoke with a different representative. ECF Dkt. #19-1 at 11. Plaintiff indicated that "somebody from this number" had called her place of employment, ex-husband, and some family members. *Id.* Continuing, Plaintiff stated that she

#19-1.

"knew her rights" and that "they are not allowed to call my work or family to talk about a debt [she] owe[d]." *Id.* at 12. Plaintiff then stated, "I just ask that you guys send something to me in the mail about whatever debt you're calling about and how much I owe and that I'm also saying that you guys are not allowed to call my work." *Id.* After reiterating that she was not allowed to receive calls at work, Plaintiff verified her address and the last four digits of her social security number. *Id.* at 12-13. Plaintiff was then told that correspondence had already been sent less than forty-five days prior to the calls and was informed that this matter was regarding a claim submitted through Spotloan.com. *Id.* at 13. According to Plaintiff, she did not receive any mail regarding this matter. *Id.* Plaintiff was informed that another letter would be sent, but that correspondence had already been sent by Defendant, as well as Spotloan.com. *Id.* Finally, Plaintiff informed Defendant's representative that she was represented by an attorney, provided his name, and indicated that she would instruct him to contact Defendant the following day. *Id.* at 14-15.

## II. PROCEDURAL HISTORY

Plaintiff filed the instant case against Defendant and Eric Medrano on October 3, 2016, and it was removed to this Court on November 10, 2016. ECF Dkt. #1; ECF Dkt. #1-1. Thereafter, the parties stipulated to the dismissal of Mr. Medrano. ECF Dkt. #16. The parties also stipulated to the dismissal of Plaintiff's third and fourth claims for relief. ECF Dkt. #18. Accordingly, the only matters at issue for the purpose of summary judgment are Plaintiff's first and second claims for relief.

## III. STANDARD OF REVIEW

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (internal citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir. 1989). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," but rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir. 2007) (internal citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) (internal citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–587; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir. 2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor

of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87; *see also Anderson*, 477 U.S. at 252.

## IV. LAW AND ANALYSIS

Both Plaintiff and Defendant have filed motions for summary judgment. There is no is no genuine dispute as to any material fact in this case. Accordingly, these motions will be addressed concurrently as the reasons why Plaintiff's motion for summary judgment is denied align with the reasons why Defendant's motion for summary judgment is granted.

### A. First Claim For Relief

Plaintiff first claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). ECF Dkt. #19 at 6. Specifically, Plaintiff asserts that Defendant violated a number of discrete provisions of the FDCPA. Each provision is addressed below.

#### 1. 15 U.S.C. §§ 1692b(1)

15 U.S.C. § 1692b(1) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall - (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

Plaintiff states that this section of the FDCPA permits debt collectors to contact a third party for "location information" when the following three criteria are met: (1) the debt collector does not already have the consumer's contact information; (2) the debt collector affirmatively states that it is calling for the purpose of confirming or correcting location information; and (3) the debt collector is not calling for some purpose other than obtaining contact information. ECF Dkt. #19 at 6 (internal citations omitted). Plaintiff argues that Defendant fails to meet any of the three criteria and that Defendant: (1) had Plaintiff's contact information; (2) did not state that it was calling for the purpose of confirming or correcting location information; and (3) did not limit the purpose of the calls to

-5-

confirming contact information.[2] *Id.* at 6-7. Defendant asserts that its contact with Plaintiff's ex-husband did not constitute a "communication" under the FDCPA. ECF Dkt. #23 at 6.

Plaintiff's argument is without merit and Defendant's position is well taken. As an initial matter, the FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The Sixth Circuit has held:

> To convey information regarding a debt, a communication must at a minimum imply the existence of a debt. Otherwise, whatever information is conveyed cannot be understood as "regarding a debt."

*Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 742 (6th Cir. 2015). When speaking with Plaintiff's ex-husband, Defendant did not convey information regarding a debt. Instead, when Plaintiff's ex-husband asked Defendant what the call was regarding, Defendant stated, "we have a file in our office that I don't think [Plaintiff is] aware of." ECF Dkt. #19-1 at 3. Defendant made no indication that the file was related to a debt. In the voicemail Defendant left for Plaintiff's ex-husband, there is the mention of a file number, however, inclusion of a file number does not constitute the conveyance of any information regarding a debt. The file number only gave the impression that Plaintiff had some kind of business relationship with Defendant. *See Brown*, 804 F.3d at 842. Likewise, Defendant's indication that the matter was time sensitive and important does not imply the existence of a debt. There are numerous possible topics other than a debt that may be time sensitive and/or important. Neither Defendant's call to Plaintiff's ex-husband nor its voicemail imply the existence of a debt, and therefore these contacts do not meet the definition of "communications" under the FDCPA.

Additionally, Defendant's contact with individuals at Plaintiff's place of employment did not convey information regarding a debt. Defendant spoke with a number of individuals at the Hospital during the phone calls. Each time Defendant spoke with a new individual, the only information provided by Defendant was that it was seeking to speak with Plaintiff, who was a nurse at the Hospital. Defendant did not state any information during the calls to the Hospital that implied the

---

[2]For the remainder of the instant Memorandum Opinion and Order, "Defendant" is used when referring to Defendant itself and is representatives.

existence of a debt. Since the phone calls made by Defendant to Plaintiff's ex-husband and her place of employment do not constitute communications, as defined in the FDCPA, Defendant did not violate 15 U.S.C. § 1692b(1).

### 2.     **15 U.S.C. § 1692c(a)**

Next, Plaintiff asserts that Defendant violated 15 U.S.C. § 1692c(a) when it attempted to contact her at the Hospital. ECF Dkt. #19 at 7-8. 15 U.S.C. § 1692c(a) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt - (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

Plaintiff argues that Defendant was aware that Plaintiff was a registered nurse and that contacting her at work would detract from her ability to care for patients at the Hospital. *Id.* at 8. Additionally, Plaintiff claims that Defendant was told that there was "no way to get a message to her through work," and that, taken together with the nature of her work, Defendant should have known that the calls to the hospital were "inconvenient and against work rules."[3] *Id.* at 8. Defendant contends that it was not informed that Plaintiff could not be contacted at work and that her position as a registered nurse does not impact the requirements of the statute.

As argued by Defendant, Plaintiff has failed to show that Defendant violated 15 U.S.C. § 1692c(a). As an initial matter, and for the reasons presented above, Defendant's contact with the Hospital did not constitute communications as defined by 15 U.S.C. § 1692a(2). Even assuming that Defendant's contact with the hospital could be considered communications, the record supports

---

[3]Plaintiff also points to Defendant's own statement that "there's no way to get a message to her through work" as support for the conclusion that Defendant had reason to know that her employer prohibited calls at work, claiming that Defendant was told so by the Hospital's human resources department during the 10:19 call. ECF Dkt. #19 at 3, 8. This position is not supported by the record. First, Defendant never attributes the inability to reach Plaintiff at work to any statement made by the Hospital's human resources department. Further, Defendant's statement that "there's no way to get a message to her through work" does not indicate that Defendant knew Plaintiff was not allowed to receive calls at work, but rather that Defendant had simply been unable to successfully contact Plaintiff at the Hospital. This conclusion is supported by the fact that when Defendant later called the Hospital, it was unable to locate Plaintiff after being transferred to a number of individuals and never once being told that it was against the Hospital's rule for employees to receive calls at work. *See* ECF Dkt. #19-1 at 3-11.

-7-

Defendant's contention that it was not told that Plaintiff was prohibited from receiving communications of this nature at work prior to calling the hospital. After Defendant called the Hospital, Plaintiff called Defendant and informed it that she was not allowed to receive calls at work. ECF Dkt. #19-1 at 12. Plaintiff does not allege that Defendant called her place of employment after being informed that she was not allowed to receive calls. Additionally, Defendant was not put on notice that Plaintiff was not allowed to receive calls at work when it called her place of employment, but was instead transferred to a number of individuals who never stated that Plaintiff was not allowed to receive calls at work. *See* ECF Dkt. #19-1 at 5-11.

Insofar as Plaintiff argues that Defendant should have known that she could not receive calls at work since she was a registered nurse, Plaintiff fails to cite any relevant legal precedent supporting such an argument. *See* ECF Dkt. #19 at 8. Instead, Plaintiff cites a single case from California, in which the plaintiff in a FDCPA case was a registered nurse. *Id.* However, the similarities between the case from California and instant case stop there, as the former involved a default judgment in a situation where the creditor was calling the plaintiffs, a husband and wife, at their current and former places of employment, using profanity, threatening to call family members, and threatening false criminal charges and arrest. *See McBride v. Delaware Solution, LLC,* No. 2:15-cv-1222, 2015 WL 5882395 (E.D. Cal. Oct. 5, 2015). Accordingly, the Court declines to accept Plaintiff's argument that Defendant should have known that she could not receive calls at work since she was employed as a registered nurse. For the reasons stated above, Plaintiff has failed to show that Defendant violated 15 U.S.C. § 1692c(a).

### 3. 15 U.S.C. § 1692c(b)

Plaintiff also asserts that Defendant violated 15 U.S.C. § 1692c(b). ECF Dkt. #19 at 9-11. 15 U.S.C. § 1692c(b) states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

As stated and explained above, Defendant's contact with Plaintiff's ex-husband and her employer does not constitute communication under the FDCPA. Here, Plaintiff argues that the Sixth Circuit's decision in *Brown* is distinguishable from the instant case as the debt collector in *Brown* "left a nondescript message with the payroll department of a business simply asking for a call back - ***and nothing more***." ECD Dkt. # 19 at 9 (emphasis in original). Plaintiff misstates the facts of *Brown*. In *Brown*, the debt collector left a voicemail in the "general mail box" of Plaintiff's business stating that the representative was calling from "Van Ru Credit Corporation," asking that someone from the payroll department return the phone call at the contact number provided, and giving a reference number for the matter. *Brown*, 804 F.3d at 741.

In *Brown*, the Sixth Circuit held that the voicemail, as described above, did not constitute a communication under the FDCPA. *Brown*, 804 F.3d at 740. In making such a finding, the Sixth Circuit explained that: nothing in the message suggested that any debt existed; the word "credit" in the name of the debt collector referred to a category of financial activities far broader than debt collection; the reference number only gave the impression that there was a business relationship of some kind between the plaintiff and the debt collector; and the fact that the debt collector asked for a return call from someone in payroll suggested only that the debt collector was seeking some sort of payroll information. *Id.* at 742-43. In the instant case, Defendant never suggested that any type of debt existed, as discussed above, and never stated that it was a debt collector during the calls to Plaintiff's ex-husband or the Hospital. *See* ECF Dkt. #19-1 at 3-11. Defendant did leave a file number with Plaintiff's ex-husband, but not the Hospital, however, like in *Brown*, the file number only gave the impression that there was some type of relationship between Plaintiff and Defendant. *See id.* at 5. The fact that Defendant left a number with Plaintiff's ex-husband that Plaintiff could use to return the call likewise does not provide any indication that Defendant was calling regarding an existing debt. *See id.*

In sum, Defendant's conduct in the instant case closely resembles the debt collector's conduct in *Brown*. Defendant called Plaintiff's ex-husband and then left a voicemail providing a contact number and a file number. Nothing from this information suggested that Defendant was seeking to contact Plaintiff about an existing debt. When Defendant called the Hospital it merely asked for

-9-

Plaintiff by her name and her maiden name. Likewise, nothing from this information suggested that Defendant was seeking to contact Plaintiff about an existing debt. For these reasons, the Court finds that Plaintiff has failed to show that Defendant's contact with her ex-husband or the Hospital constituted communications under the FDCPA, and has thus failed to show that Defendant violated 15 U.S.C. § 1692c(b).

### 4. 15 U.S.C. §§ 1692d, 1692d(5), and 1692d(6)

15 U.S.C. § 1692d, in relevant part, states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

It appears from her Complaint and motion for summary judgment that Plaintiff is alleging that Defendant violated this section generally by its conduct. Plaintiff claims that "calling an ex-spouse and then enlisting that ex-spouse's support in [Defendant's] collection effort would cause any party angst," and that by calling the Hospital and being transferred floor to floor Defendant was "broadcasting across [Plaintiff's] workplace that she owed a debt and that she was being pursued by a debt collector." ECF Dkt. #19 at 11-12. As for Plaintiff's latter argument, and as stated in length above, Defendant did not indicate to any of the Hospital's employees during the calls that it was attempting to contact Plaintiff regarding a debt.

Further the record does not support the conclusion that Defendant enlisted her ex-husband's support in a manner that would cause "angst." The record shows that when Defendant contacted Plaintiff's ex-husband it was not aware that a divorce had taken place as it stated that Plaintiff had indicated that she was married. ECF Dkt. #19-1 at 3. Defendant stated that she was trying to reach Plaintiff and asked if the ex-husband knew how to contact her. *Id.* at 3-4. Continuing, Defendant asked if Plaintiff's ex-husband would convey its contact information to her, and the ex-husband agreed. While Defendant did call Plaintiff's ex-husband a second time, that call was simply to leave a voicemail containing its contact information for the ex-husband to convey to Plaintiff since he was driving when he received the call and did not have a pen or paper to record the contact information at that time. These calls are the extent to which Defendant contacted Plaintiff's ex-husband.

Plaintiff fails to explain how these two calls to her ex-husband, one of which was a call simply to leave a voicemail conveying contact information that the ex-husband could not write down at that time, constitute conduct with the natural consequence of harassing, oppressing, or abusing Plaintiff. As an initial matter, it appears from the transcript of the call that Plaintiff had indicated that she was married at the time she took out the loan at issue. *See* ECF Dkt. #19-1 at 3. More importantly, no explanation is provided by Plaintiff as to how this minimal contact with her ex-husband constitutes conduct that would constitute harassment, oppression, or abuse. As such, the Court declines to find a general violation of 15 U.S.C. § 1692d.

In her Complaint, Plaintiff also alleges that Defendant violated 15 U.S.C. § 1692d(5). ECF Dkt. #1-1 at 6. 15 U.S.C. § 1692d(5) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section - (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Plaintiff apparently has conceded this argument to Defendant as no attempt is made to assert that Defendant violated 15 U.S.C. § 1692d(5) in her motion for summary judgment. In any event, it is clear that Defendant did not cause any telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. All of the calls at issue in the instant case occurred on June 20, 2016. *See* ECF Dkt. #19-1. Defendant made a call to the Hospital at 10:19 A.M., however, there is no transcript of that call provided by the parties and it is unclear what, if anything, was said during this call. *See* ECF Dkt. #19-3 at 51-52. At 10:45 A.M., Defendant called Plaintiff a single time and left a voicemail. *Id.* at 3. Defendant called Plaintiff's ex-husband at 10:47 A.M. and then again only to leave a voicemail at 10:49 A.M. *Id.* at 5. At 10:54 A.M. Defendant called the Hospital and was transferred to the human resources department after indicating that she did not want to be transferred. *Id.* at 5. After hanging up the transferred call, Defendant called the Hospital again at 10:56 A.M. *Id.* at 6. In sum, Defendant placed one call to Plaintiff. Two calls were made by Defendant to Plaintiff's ex-husband, however, the second call was made with the express intention to leave a voicemail, as

-11-

agreed upon by Defendant and the ex-husband. Three calls were placed to the Hospital, although the nature of the first call is unclear and during the second call Defendant was transferred to the human resources department despite asking not to be transferred, prompting the third call. These calls were all made from approximately 10:19 A.M. to 10:56 A.M. on June 20, 2016.

There is no bright line rule regarding the number of calls which creates the inference of intent to annoy, abuse, or harass, and the mere fact that the calls are unwelcome is insufficient to constitute a violation of the FDCPA. *Martin v. Select Portfolio Holding Corp.*, No: 1:05-cv273, 2008 WL 618788 (S.D. Ohio Mar. 3, 2008). Due to the fact that Defendant made relatively few calls over a time period totaling less than an hour, the Court finds that these calls were not made to annoy, abuse, or harass, and that no reasonable jury could find the requisite intent to satisfy the requirements of 15 U.S.C. § 1692d(5). *See Hicks v. America's Recovery Solutions, LLC*, 816 F.Supp.2d 509, 515 (N.D. Ohio Sept. 29, 2011).

Despite failing to provide any argument as to how Defendant violated 15 U.S.C. § 1692d(5), Plaintiff does allege in her motion for summary judgment that Defendant violated 15 U.S.C. § 1692d(6). ECF Dkt. #19 at 12-13. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section - (6) except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Defendant contends that Plaintiff did not allege that it violated 15 U.S.C. § 1692d(6) in the Complaint, citing Fed. R. Civ. P. 8(a)(2). ECF Dkt. #23 at 13. Plaintiff argues that pleading under 15 U.S.C. § 1692d put Defendant on notice of the allegations regarding a violation of 15 U.S.C. § 1692d(6).

Defendant's argument is well take. 15 U.S.C. § 1692d enumerates six types of conduct that violate the section "[w]ithout limiting the general application" of the prohibition on "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." As such, the statute has six enumerated types of conduct that constitute a violation, but also allows for violations for general harassment, oppression, or abuse when collecting a debt. Plaintiff's Complaint first plead the "general application" language of 15 U.S.C. § 1692d

prohibiting general harassment, oppression, or abuse, and then specifically alleged that Defendant committed conduct that constitutes an enumerated violation under 15 U.S.C. § 1692d(5). As such, the Complaint asserts that Defendant violated the general prohibition on harassment, oppression, and abuse contained in 15 U.S.C. § 1692d, and also specifically violated 15 U.S.C. § 1692d(5).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted). Plaintiff's argument that the pleading of a violation of 15 U.S.C. § 1692d generally was intended to subsume the enumerated subsections thereto is belied by the fact that Plaintiff's complaint also specifically plead a violation of 15 U.S.C. § 1692d(5). If Plaintiff had intended that the violation of 15 U.S.C. § 1692d "generally" subsumed all of the subsections thereto, it would have been unnecessary to also specifically include the alleged violation of 15 U.S.C. § 1692d(5).[4]

Moreover, a review of the other pleadings in the Complaint support the conclusion that Defendant was not put on notice of the 15 U.S.C. § 1692d(6) violation alleged in Plaintiff's motion for summary judgment. For example, Plaintiff alleged violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10), as well as 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692f(5). ECF Dkt. #1-1. It does not appear from the Complaint that Plaintiff intended the citations to each section to include all subsections thereto, but rather that Plaintiff was citing to each section to invoke the "general application" language contained therein, and then citing to specific subsections when alleging that Defendant committed the conduct considered therein. As such, Defendant properly understood the Complaint to be alleging that its conduct violated 15 U.S.C. § 1692d generally in a manner other than described in the specifically enumerated violations by engaging in conduct that constituted harassment, oppression, or abuse, as well as 15 U.S.C. § 1692d(5) specifically by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass that person. In

---

[4] Whether a pleading of this nature would have survived dismissal under the Federal Rules of Civil Procedure is another matter.

-13-

addition to the above analysis, Plaintiff's Complaint does not include any indication that Defendant placed telephone calls without meaningful disclosure of the caller's identity, as would be suspected in a Complaint alleging that Defendant violated 15 U.S.C. § 1692d(6). *See* ECF Dkt. #19-1 at 3-5. For these reasons, the Court finds that the reasonable interpretation of the Complaint is that Plaintiff alleged: (1) general violations of 15 U.S.C. § 1692d outside of the consideration of 15 U.S.C. § 1692d(1)-(4) and 15 U.S.C. § 1692d(6); and (2) and violations of 15 U.S.C. § 1692d(5). Accordingly, Plaintiff may not now raise a claim that was not plead in compliance with the Federal Rules of Civil Procedure.

### 5. 15 U.S.C. § 1692e(10)

15 U.S.C. § 1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section - (10) the use of any false representation of deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff asserts that Defendant made the following misrepresentations: (1) telling Plaintiff's ex-husband that the matter was extremely time sensitive; (2) indicating to staff members at the Hospital that she had spoken with Plaintiff's husband, when he was actually her ex-husband, and stating that he had given her the phone number to the Hospital, which he had not provided; and (3) stating that Defendant had been trying to contact Plaintiff for forty-five days when it had not been trying to contact her for that length of time. ECF Dkt. #19 at 14. Defendant asserts that there could not have been false, deceptive, or misleading representation made by Defendant because there was no communications made "in connection with the collection of any debt." ECF Dkt. #20 at 11; ECF Dkt. #23 at 3.

The Sixth Circuit has held that the text of 15 U.S.C. § 1692e makes clear that, to be actionable, a communication need not itself be a collection attempt and only needs to be in connection with a collection attempt. *Goodson v. Bank of America, N.A.*, 600 Fed.Appx. 422, 430 (6th Cir. 2015). However, the Sixth Circuit has also made it clear that 15 U.S.C. § 1692e does not apply to every communication between a debt collector and a debtor. *Id.* "For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be

-14-

to induce payment by the debtor." *Id.* at 430-31. Though the animating purpose of a communication is a question generally submitted to a jury, summary judgment is appropriate where a reasonable jury could not find that an animating purpose of the statements was to induce payment. *Id.* In *Goodson*, the Sixth Circuit reviewed the following factors when determining the animating purpose of a contact: (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether the contact was in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it was stated that the contact was an attempt to collect a debt; and (7) whether the statements threatened consequences should the debtor fail to pay. *Id.* at 431.

While the nature of the relationship between Defendant and Plaintiff is that of a debt collector and debtor and Plaintiff did not contact Defendant first, the remaining factors support the conclusion that a reasonable jury could not find that an animating purpose of the statements was to induce payment. The voicemail that Defendant left Plaintiff: did not demand payment, expressly or otherwise, or state a balance due; no statement was made in an attempt to make payment more likely; there was no statement that the call was an attempt to collect debt; and no consequences were threatened should Plaintiff fail to pay. Essentially, the brief voicemail Defendant left Plaintiff stated that it was trying to contact Plaintiff and provided a call-back number. *See* ECF Dkt. #19-1 at 3. Any actual mention of any debt occurred only when Plaintiff called Defendant in the afternoon of June 20, 2016, and raised the issue of the debt. *Id.* at 11-12.

Additionally, while the calls made by Defendant to Plaintiff's ex-husband and the Hospital were, of course, placed by a debt collector and not at the third parties' requests, the remaining factors support the conclusion that a reasonable jury could not find that an animating purpose of the statements was to induce payment for the following reasons: the relationship between Defendant and the third parties was one in which Defendant had reason to believe they could contact Plaintiff; no statements were made regarding the payment or amount of the debt; no statements were made to make payment more likely, and, outside of potentially putting Defendant in contact with Plaintiff, the third parties could not impact payment; there were no statements indicating the calls were made

-15-

in an attempt to collect a debt; and no threats were made should Plaintiff fail to pay. Accordingly, the voicemail Defendant left Plaintiff and the calls to her ex-husband and the Hospital do not constitute communications that were in connection with the collection of a debt, and thus Defendant did not violate 15 U.S.C. § 1692e(10).

For the reasons stated above, the Court rejects Plaintiff's arguments and finds that Defendant has not violated the FDCPA.

### B. Second Claim for Relief

Plaintiff also claims that Defendant violated the Ohio Consumer Sales Practices Act ("CSPA") because "a violation of the FDCPA constitutes a violation of the CSPA." ECF Dkt. #19 at 14. Defendant contends that Plaintiff's CSPA claims should be dismissed as there has been no violation of the FDCPA and there was no underlying consumer transaction as required by the CSPA. ECF Dkt. #20 at 17-18. Plaintiff bases the entirety of her argument regarding the CSPA on the success of her arguments regarding the FDCPA. ECF Dkt. #19 at 14. As the Court has found Plaintiff's arguments regarding the FDCPA to be without merit, the Court likewise rejects Plaintiff's arguments regarding the CSPA. For these reasons, the Court finds that Plaintiff has failed to show that Defendant violated the CSPA.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (ECF Dkt. #19) is DENIED, Defendant's motion for summary judgment (ECF Dkt. #20) is GRANTED, and the instant case is dismissed in its entirety with prejudice.

Date: October 13, 2017 */s/ George J. Limbert*  
GEORGE J. LIMBERT  
UNITED STATES MAGISTRATE JUDGE